IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DAVID L BRAY,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**WEXFORD HEALTH SOURCES,** *et al.*,<br><br>    **Defendants.** | Case No. 24-cv-02563-SPM |

## ORDER OF DISMISSAL

**MCGLYNN, District Judge:**

　　Plaintiff David Bray commenced this action by filing a complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). At the time of filing, Plaintiff was directed to pay the $405.00 filing fee or file a Motion for Leave to Proceed *in form pauperis* ("IFP motion"). (Doc. 3). Plaintiff was warned that failure to pay the filing fee or file an IFP motion would result in dismissal for failure to prosecute. Plaintiff was also instructed to file a Notice Regarding Magistrate Judge Jurisdiction form indicating consent to proceed before a magistrate judge or an affirmative declination to consent by December 26, 2024. (Doc. 2).

　　Plaintiff did not file a consent form by the December deadline, and he was given a seven-day extension. Plaintiff was informed that failure to return the form could result in possible sanctions. (Doc. 4). He also did not pay the filing fee or file an IFP motion by the deadline set by the Court. On January 13, 2025, Plaintiff was instructed pay the filing fee or file an IFP motion by January 27, 2025. (Doc. 5). He was again warned that failure to comply with these instructions would result in dismissal of this case. On January 15, 2025, the Court entered a Show Cause Order. (Doc. 6). By January 29, 2025, Plaintiff was directed to show cause why sanctions should not be imposed for failing to file the consent form.

Page 1 of 2

To date, Plaintiff has not paid filling fee, filed an IFP motion, or returned the consent form. Plaintiff has ignored the Court's directives and has failed to actively prosecute his claims. *See* FED. R. CIV. P. 41(b). The Court will not allow this matter to linger indefinitely.

For these reasons, this action is **DISMISSED** without prejudice, based on Plaintiff's failure to comply with the Court's orders and for failure to prosecute his claims. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: March 4, 2025**

      *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**